St. ANDREWS BAY TRANSPORTATION COMPANY v. JERRY W. CARTER, *et al.,* as and Constituting the FLORIDA RAILROAD COMMISSION, and JOHN B. GLENN as Receiver of the Alabama & Western Florida Railroad Company, and WEST FLORIDA TRANSPORTATION COMPANY.

190 So. 788
Opinion Filed August 1, 1939

*John H. Carter & John H. Carter, Jr., Keen & Allen* and *A. Frank O'Kelley, Jr.,* for Petitioner;

*Leroy Collins, W. P. Shelley, Jr.,* for Respondent West Florida Transportation Company; *Theo T. Turnbull* and *William P. Simmons, Jr.,* for Respondent Florida Railroad Commission.

### On Petition for Rehearing

Per Curiam.—On June 14, 1939, order was entered denying writ of certiorari to the Railroad Commission in this cause.

Petition for rehearing has been filed suggesting that the Court has overlooked and failed to consider certain pertinent facts disclosed by the record.

The Court has not overlooked any of the matters referred to.

The record shows that on December 16, 1937, application was pending before the Railroad Commission by Emerson as Receiver of Alabama & Western Florida Railroad Company (later succeeded by John B. Glenn) and another petition by St. Andrews Bay Transportation Company was also pending, the two applications covering the same parallel routes.

Testimony was taken and certificate of public convenience and necessity was granted the Receiver of Alabama & Western Florida Railroad Company. The granting of this

certificate was, in effect, denial of the application of St. Andrews Bay Transportation Company.

The record shows that certificate was granted upon certain conditions named; that the receiver did not comply with the conditions precedent to obtaining his certificate and on July 18, 1938, upon the application of the receiver, the Commission granted him an extension of 90 days. He failed to comply therewith within the 90-day period allowed and on December 1, 1938, the Commission declined to grant the application for additional extension of 90 days but granted the petitioner 30 days which was to expire on December 30, 1938. That he did not comply with the conditions on December 30th, but did comply with all conditions precedent on January 4, 1939, and on that date the Railroad Commission issued the certificate of public convenience and necessity.

There is no contention that the Railroad Commission did not have the power to grant additional time within which the applicant or petitioner could comply with the conditions precedent to the issues of certificate of public convenience and necessity. There is no showing in the record that the St. Andrews Bay Transportation Company renewed its application for certificate at any time after the granting of certificate of public convenience and necessity to Receiver of Alabama & Western Florida Railroad Company on December 16, 1937.

Our view is that the Railroad Commission acted within its power and authority in concluding that the compliance with the conditions precedent to the issuance of certificate of public convenience and necessity on January 4, 1939, was a substantial compliance with its previous order extending the time for compliance thirty (30) days.

For the reasons stated, petition for rehearing is denied. So ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.